53 F.3d 328
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 L. James CLINE, Plaintiff-Appellant,
v.
GENERAL AMERICAN LIFE INSURANCE COMPANY, Defendant-Appellee.
 No. 94-2052.
 United States Court of Appeals, Fourth Circuit.
 Argued April 3, 1995
Decided April 27, 1995.
 
 ARGUED: Vance Barron, Jr., Greensboro, NC, for Appellant. Mack Sperling, BROOKS, PIERCE, MCLENDON, HUMPHREY & LEONARD, L.L.P., Greensboro, NC, for Appellee.
 Before MURNAGHAN, WILLIAMS, and MOTZ, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 L. James Cline appeals from the district court's order of summary judgment against him in favor of General American Life Insurance Company on his tort and breach of contract claims. We affirm.
 
 I.
 
 2
 This suit arises out of General American's termination of Cline's partial disability benefits under General American's disability insurance policy. Cline purchased a disability insurance policy from General American, a Missouri corporation, in April, 1985. The policy provided for disability benefits in the event that Cline became "totally disabled," i.e., unable to perform the duties of "any occupation," as a result of sickness or injury or both. In addition, Cline purchased from General American a separate Proportionate Income Replacement Rider, which provided for certain disability benefits in the event that he became "partially disabled." The Rider defined "Partial Disability and Partially Disabled" to mean "that you are engaged, either full-time or part-time in an occupation, including Your Occupation, but solely because of disability from sickness or injury or both, are unable to earn at a rate of at least 80% of your Prior Earned Income."
 
 
 3
 On September 3, 1985, Cline was discharged from his employment as a bank executive. One month later, on November 3, 1985, he suffered a heart attack. He filed a claim with General American on November 20, 1985, after which General American began paying him total disability benefits. On March 26, 1986, however, Cline's physician indicated that he was no longer totally disabled. General American thereafter paid partial disability benefits to Cline under the policy until November, 1990, when it terminated Cline's benefits altogether. Citing the examination reports of Cline's physician and an independent medical examiner, General American determined that "there are many other jobs of less stressful nature that [Cline] could return to" and concluded that Cline was therefore disqualified from receiving further partial disability benefits under the policy.
 
 
 4
 Cline filed a complaint against General American in the Superior Court of Guilford County, North Carolina, alleging tort and breach of contract claims. General American removed the case to the United States District Court for the Middle District of North Carolina, invoking the court's diversity jurisdiction. The district court granted General American's motion for summary judgment on all claims, and this appeal followed.
 
 II.
 
 5
 We review a district court's grant of summary judgment de novo, employing the same standards applied by the district court. Temkin v. Frederick County Commissioners, 945 F.2d 716, 718 (4th Cir.1991). The standard for summary judgment is whether, viewing the evidence in the light most favorable to the non-moving party, there is any genuine issue of material fact. Id.; Fed.R.Civ.P. 56. Summary judgment should be granted when "it is perfectly clear that no genuine issue of material fact remains unresolved and inquiry into the facts is unnecessary to clarify the application of the law." McKinney v. Board of Trustees, 955 F.2d 924, 928 (4th Cir.1992).
 
 
 6
 In order to be entitled to recover on his contract claim for partial disability benefits under the Proportionate Income Replacement Rider, Cline was required to demonstrate that he was "unable to earn at a rate of at least 80% of [his] Prior Earned Income." All of Cline's examining physicians reported that he was capable of returning to some manner of employment so long as it involved less stress than his previous banking position, and in fact Cline returned to work as a credit review officer and later as a self-employed consultant. Although Cline introduced evidence from a vocational rehabilitation counselor that the jobs for which he was now qualified paid "significantly less" than his previous job, he introduced no evidence that such amount was less than 80% of his prior salary, as required under the policy. Indeed, Cline's own testimony was that he had to "strive to stay below that [80%] level" in order to maintain his eligibility for partial disability benefits, and the evidence suggests that he did just that. Since Cline failed to come forward with any evidence that he was "unable to earn at a rate of at least 80% of [his] Prior Earned Income," there was no evidence that General American breached its contract with Cline when it terminated his partial disability benefits. General American was thus entitled to summary judgment on the breach of contract claim.*
 
 
 7
 Cline also claims that General American defrauded him by submitting to his physicians the incorrect policy language regarding his eligibility for partial disability benefits and by suddenly denying him benefits, after having paid them for four years, in an effort to reduce costs. His tort claims include actions for fraud, tortious bad faith, unfair and deceptive trade practices, and intentional infliction of emotional distress. After careful consideration of the parties' arguments, and upon review of the record and the district court's consideration of the tort claims, we conclude that Cline's appeal on these issues is also without merit. As to them, we affirm on the reasoning of the district court. Cline v. General American Life Ins. Co., No. 2:92 CV00023 (M.D.N.C. July 12, 1994).
 
 
 8
 Accordingly, the district court's order of summary judgment is
 
 
 9
 AFFIRMED.
 
 
 
 *
 General American also argues that Cline failed to demonstrate that his reduced earnings resulted "solely" from sickness or injury, as required under the policy. The company asserts that there was evidence that Cline's unemployment was due at least in part to poor market conditions, his advanced age, and his low education level. Conceivably, under this argument an insured might never be able to recover for partial disability, since market conditions will by definition always have some effect on employment opportunities. Because we conclude that in any event Cline failed to produce any evidence that he was "unable to earn at a rate of at least 80% of [his] Prior Earned Income," we need not reach this troublesome issue